IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY EUGENE HUTCHERSON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 04-0514-CG-C |
| | ) |
| **GRANT CULLIVER, WARDEN** | ) |
| | ) |
| Respondent, | |

## ORDER

This matter is before the court on respondent's motion to dismiss (Doc. 13), petitioner's response thereto (Doc. 19), respondent's reply (Doc. 22), petitioner's second response (Doc. 23), petitioner's motion to stay and hold in abeyance (Doc. 24), respondent's response thereto (Doc. 26), and respondent's status report (Doc. 28). The court finds that Hutcherson's petition is time-barred. Therefore, respondent's motion to dismiss is due to be GRANTED.

## BACKGROUND

Larry Hutcherson's petition challenges his conviction and sentence in the Mobile County Circuit Court. There is no dispute over the general procedural history in this case. (Doc. 19 - petitioner's response ¶ 1). Hutcherson pleaded guilty and was convicted of intentional murder during a robbery on December 4, 1996. On January 13, 1997, Hutcherson was sentenced to death following a jury's 11-1 recommendation. Hutcherson's conviction and sentence were affirmed on direct appeal and a certificate of judgment was issued on January 5, 1999. The United States Supreme Court denied Hutcherson's petition for writ of certiorari on June 21, 1999. On May 4, 2001, Hutcherson filed his first Rule 32 petition for post-conviction relief. In the Rule 32 petition, Hutcherson claimed his guilty plea was involuntary, his appellate attorneys

provided ineffective assistance, and the trial court improperly instructed Hutcherson's petit jury. On December 10, 2002, the Mobile County Circuit Court dismissed the Rule 32 petition as untimely.  The Alabama Court of Criminal Appeals issued its certificate of judgment on February 16, 2004.  On November 17, 2004, Hutcherson filed his second Rule 32 petition for post-conviction relief.  In this second petition, Hutcherson claimed that Alabama's Death Penalty Statutes are unconstitutional because they do not mandate the appointment and training of attorneys for post-conviction petitioners.  The Mobile County Circuit Court dismissed Hutcherson's second Rule 32 petition as time barred, precluded, successive, and without merit on February 3, 2005.  Hutcherson did not appeal the dismissal.

Hutcherson filed the current petition for writ of habeas corpus on August 9, 2004.  In the current petition, Hutcherson alleges that Alabama's Death Penalty Statutes are unconstitutional because they do not mandate (1) the appointment of attorneys to indigent post-conviction petitioners facing a sentence of death, (2) the training of attorneys who represent convicted capital murderers in appellate and post-conviction proceedings, and (3) the payment of forensic, psychiatric, and mitigation experts for use in post-conviction collateral proceedings.

## LEGAL ANALYSIS

Pursuant to 28 U.S.C. § 2244(d), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year statute of limitation is applicable to a petition for writ of habeas corpus by a person in custody on a judgment of a state court.

> The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State

> action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right, has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). A properly filed application for state post-conviction review tolls the one year time period. See § 2244(d)(2). Respondent argues that Hutcherson's conviction became final on June 21, 1999, when the United States Supreme Court denied his petition for a writ of certiorari. As such, under § 2244(d)(1)(A), Hutcherson had until June 22, 2000, to file his habeas corpus petition in this court or to take advantage of the tolling provisions of § 2244(d)(2) by properly filing a post-conviction application in the state court. Hutcherson did not file his first Rule 32 petition, which was found to be untimely, until May 4, 2001. Hutcherson did not file an application for state post-conviction review prior to the expiration of the one-year statute of limitations and has not demonstrated or even alleged extraordinary circumstances that would entitle Hutcherson to equitable tolling. See Dodd v. U.S., 365 F.3d 1273, 1282 (11th Cir. 2004) (equitable tolling "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." ... "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." citations omitted).

Hutcherson contends that his petition falls under subparagraph (C) of § 2244(d)(1) because his claim arose from the United States Supreme Court's ruling in Wiggins v. Smith, 539 U.S. 510, 123 S. Ct. 2527 (2003). The Eastern District of Tennessee recently addressed a similar argument:

> Petitioner contends that the United States Supreme Court recognized a new constitutional right on June 26, 2003, when they decided Wiggins v. Smith, 539 U.S. 510 (2003). Although the one-year statute of limitation may run from the date on which a new constitutional right was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, see 28 U .S.C. § 2244(d)(1)(C), petitioner failed to file her habeas petition within one year of the Supreme Court's June 26, 2003 Wiggins decision. Furthermore, contrary to petitioner's argument, Wiggins did not create a new constitutional right but rather applied the standards of Strickland v. Washington, 466 U.S. 668 (1984) to determine whether the investigation supporting counsel's decision not to introduce mitigating evidence of Wiggins' background was itself reasonable. This claim provides petitioner no relief.

Cochran v. Dodson, 2005 WL 1804530, *3 (E.D.Tenn. July 27, 2005). Like the petitioner in Cochran, Hutcherson filed the instant petition more than a year after the Supreme Court's June 26, 2003, Wiggins decision. Thus, even if Wiggins recognized a new constitutional right, the one year statute of limitations expired prior to the filing of this petition. Moreover, this court agrees with the Cochran court that Wiggins did not create a new constitutional right.

As to Hutcherson's motion to stay and hold in abeyance, the court finds it is due to be denied. Hutcherson cites the United States Supreme Court decision Rhines v. Weber, 2005 WL 711587, (Mar. 30, 2005), to support his contention that the court should hold this proceeding in abeyance pending resolution of the matters by the state courts. However, the state has now ruled on Hutcherson's second Rule 32 petition. (Doc. 28). Moreover, in the instant case, the court finds that Hutcherson has not shown good cause for petitioner's failure to exhaust his claims in state court. More importantly, even if Hutcherson had shown good cause for his failure to exhaust his claims, his claims are time barred. A stay of this case would be futile.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss (Doc. 13) is **GRANTED,**

and this case is hereby **DISMISSED.**

**DONE and ORDERED** this 8th day of December, 2005.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE